

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 29, 1961

Honorable Charles A. Allen
Criminal District Attorney
Harrison County
P. O. Box 949
Marshall, Texas

Opinion No. WW-1029

Re: Whether, under the man-
datory provisions of the
Harrison County Road Law,
the Commissioners' Court
of Harrison County, Texas,
is required to employ and
have in its constant em-
ploy a "registered profes-
sional" civil engineer?

Dear Mr. Allen:

In your letter of March 7, 1961, you request the
opinion of this office on the following question:

> "Under the mandatory provisions of the
> Harrison County Road Law is the Commission-
> ers' Court of Harrison County, Texas requir-
> ed to employ and have in its constant employ
> a 'registered professional' civil engineer?"

In Opinion No. V-1407, to which we adhere, this
office expressed the opinion that:

> "House Bill No. 812, Acts 42nd Leg.,
> Special Laws R.S. 1931, ch. 156, p. 303
> (Harrison County Road Law), makes it manda-
> tory for the commissioners' court of
> Harrison County to employ a county engineer
> and to have a county engineer in constant
> employment with Harrison County."

Section 4 of House Bill No. 812, Acts 42nd Leg.,
Special Laws, R.S. 1931, ch. 156, p. 303 requires that "Said
County Engineer shall be a qualified Civil Engineer and a
resident of the State of Texas; . . . ." The question thus
evolves: Must the "qualified Civil Engineer" required by
Section 4 be a "registered professional" civil engineer?

The duties of the county engineer are set forth in Sections 2, 3 and 4 of the Harrison County Road Law, providing in part as follows:

"Sec. 2. The Commissioners' Court of Harrison County is hereby authorized and empowered to employ a County Engineer, whose duties, compensation and liabilities shall be such as are imposed by this Act. The said County Engineer shall devote his entire time to the construction and maintenance of the county roads.

"Sec. 3. That said County Engineer shall be appointed by the Commissioners' Court of said county within ninety (90) days after the passage of this Act at a Regular Meeting or Called Session thereof. That he shall have charge of all public road construction and public road maintenance, together with the building of bridges and culverts, in his County except as is otherwise herein expressly provided. . . .

"Sec. 4. Said County Engineer shall be a qualified Civil Engineer and a resident of the State of Texas; . . . That said County Engineer shall subject to the orders of the Commissioners' Court, have general supervision over the construction and maintenance of all public roads and highways of his county, together with the building of bridges and culverts; he shall superintend the laying out of new roads subject to the orders of the Commissioners' Court, and shall forthwith make or cause to be made a road map of the county showing the location, mileage, and classification of the different roads and highways in said county. . . ."
(Emphasis added throughout)

The pertinent sections of Article 3271a, Vernon's Civil Statutes, defining and regulating the practice of professional engineering in the State of Texas, provide in part:

"Section 1. That in order to safeguard life, health, and property, any person practicing or offering to practice the profession

of engineering as hereinafter defined shall
hereafter be required to submit evidence that
he is qualified so to practice and shall be
registered as hereinafter provided; and it
shall be unlawful for any person to practice
or offer to practice the profession of engi-
neering in this State, . . . unless such
person has been duly registered or exempted
under the provisions of this Act.

## "DEFINITIONS

"Sec. 2.  The term professional engineer
as used in this Act shall mean a person who,
by reason of his knowledge of mathematics, the
physical sciences, and the principles of en-
gineering, acquired by professional education
and practical experience, is qualified to en-
gage in engineering practice as hereinafter
defined.

"The practice of professional engineering
within the meaning and intent of this Act in-
cludes any professional service, such as con-
sultation, investigation, evaluation, planning,
designing, or responsible supervision of con-
struction in connection with any public or pri-
vate utilities, structures, buildings, machines,
equipment, processes, works, or projects, where-
in the public welfare, or the safeguarding of
life, health or property is concerned or involv-
ed, when such professional service requires the
application of engineering principles and inter-
pretation of engineering data.

"  .  .  .

"Sec. 19.  After the first day of January,
1938, it shall be unlawful for this State, or
for any of its political subdivisions, for any
county, city, or town, to engage in the con-
struction of any public work involving pro-
fessional engineering, where public health,
public welfare or public safety is involved,
unless the engineering plans and specifica-
tions and estimates have been prepared by,

> and the engineering construction is to
> be executed under the direct supervision
> of a registered professional engineer;
> provided, that nothing in this Act shall
> be held to apply to any public work where-
> in the contemplated expenditure for the
> completed project does not exceed Three
> Thousand ($3,000.00) Dollars. Provided,
> that this Act shall not apply to any road
> maintenance or betterment work undertaken
> by the County Commissioners' Court."
> (Emphasis added throughout)

The term, "public works" is defined in Volume 34 of Texas Jurisprudence at page 731, as embracing "all constructions and improvements--ordinarily of a fixed nature--designed for public use, protection or enjoyment. Clearly included among public works are bridges, school buildings, waterworks, dams, sewers, canals and channels, levees and seawalls, wharves and piers, irrigation, re-clamation and drainage projects, and highways and streets. Indeed, every work undertaken by the State, a county, municipality, or other public agency is necessarily, in the broadest sense, a 'public work.'" The term "public welfare" is defined as "the prosperity, well-being, or convenience of the public at large, or of a whole community, as distinguished from the advantage of an individual or limited class." Black's Law Dictionary.

It is the opinion of this office that the duties imposed upon the county engineer by the Harrison County Road Law are encompassed by the definition of the practice of professional engineering contained in Section 2 of Article 3271a.

In response to a request from the County Auditor of Harrison County, relative to the authority of the Commis-sioners Court to appoint a person not possessing the qualifi-cations of a "professional engineer" as a superintendent of maintenance and construction of county roads and other public works, this office expressed the following opinion:

> "It is the opinion of this department,
> under the facts stated, that Section 19,
> supra, does not prohibit the Commissioners'
> Court from appointing a person not possess-
> ing the qualifications of an engineer as

defined in Article 3271a, V. A. C. S.,
as a superintendent in the construction
of public works where the contemplated
expenditure for the completed project
does not exceed $3,000.00; nor does said
section prohibit the Commissioners' Court
from appointing such a person to super-
vise any road maintenance or road better-
ment work undertaken by the county Commis-
sioners' Court.

"Where, however, the county Commis-
sioners' Court engages in the construction
of public works wherein the contemplated
expenditure for the completed project ex-
ceeds $3,000.00, and such work involves
public health, public welfare or public
safety, and also involves professional
engineering, it is the opinion of this de-
partment that, while a non-engineer could
be appointed as general supervisor of such
construction, Section 19 requires the
county to employ a registered professional
engineer to prepare the engineering plans
and specifications and estimates, and the
engineering construction, likewise, must be
executed under the direct supervision of
such engineer.

"Whether the construction of a parti-
cular public work involves 'professional
engineering' and whether 'public health,
public welfare or public safety' is involv-
ed, are questions of fact, and consequently
not subject to being ruled on by this
department."

Copies of this opinion, No. O-3505, and of Opinion No. V-1407
are enclosed for your information.

## S U M M A R Y

Under the mandatory provisions of the
Harrison County Road Law and the pro-
visions of Article 3271a, Vernon's Civil

Statutes, the Commissioners Court of Harrison County, Texas, is required to employ and have in its constant employ a "registered professional" civil engineer.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *Dudley D. McCalla*
Dudley D. McCalla
Assistant

DDM:hmc

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Jack N. Price
John Reeves
L. P. Lollar
John Leonarz

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Morgan Nesbitt